**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

GORDON WARREN EPPERLY,

                          Petitioner,

          v.

STATE OF ALASKA and UNITED
STATES OF AMERICA,

                          Respondents.

Case No. 1:15-cv-00002-SLG

## ORDER RE MOTIONS

There are several motions pending before the Court as follows:

1.     At Docket 22, Respondent State of Alaska filed a motion to dismiss under Federal Rules of Civil Procedure 7(b), 12(b)(1), and 12(b)(6).

2.     At Dockets 24 and 25, Petitioner Gordon Warren Epperly filed his "Opposition to State of Alaska's Motion to Dismiss And Petitioner's Motion for Summary Judgment."

3.     At Dockets 29 and 30, the State of Alaska filed the "State's Reply to Opposition to Motion to Dismiss, and Opposition to Motion for Summary Judgment."

4.     At Docket 31, Respondent United States of America filed a motion to dismiss, in which it joined the State of Alaska's motion to dismiss. Mr. Epperly responded at Docket 33.[1] The United States replied at Docket 34. Because the United States has

---

[1] At Docket 33, Mr. Epperly raises several theories indicating his belief that identifying his action as a petition rather than a complaint somehow renders his action subject to a special "Common Law" derived from the Magna Carta, and immune from the Standing Doctrine, the Federal Rules of Civil Procedure, and case law. This argument is unsupported and meritless. Rather, the Court

joined the State of Alaska's motion to dismiss and largely echoes its arguments, the Court will address them together.[2]

Mr. Epperly, a self-represented litigant, may well have invested a considerable amount of time and energy in researching and preparing his court filings. Or perhaps his voluminous production of quotations from state and federal statutes, case law, treaties, and websites—including extensive italicization, capitalization, and underlining—reflects little more than access to the internet and a facility for cut-and-paste advocacy. Regardless, these efforts do not overcome the unavoidable conclusion that Mr. Epperly lacks the standing under Article III of the U.S. Constitution that is necessary to maintain this action in federal court. And without standing, all of Mr. Epperly's legal and quasi-legal theories for relief will be dismissed.[3]

At its core, Mr. Epperly's petition seems to express an interest in obtaining the ability to legally ingest marijuana. He indicates that despite health problems, he has been unable to locate a physician that is willing to prescribe marijuana to him.[4] Mr. Epperly's extensive petition focuses on certain marijuana laws of the State of Alaska and certain

---

agrees with the United States that Mr. Epperly has ignored the "short and plain statement of the claim" of Federal Rule of Civil Procedure 8.

[2] Mr. Epperly also filed a motion to amend his petition at Docket 21 and motions to submit additional information to the Court at Dockets 35, 36, and 37. These motions will all be granted in the interest of completeness of the court record. The analysis of Mr. Epperly's standing to bring this action does not change from the original to the amended petition, and the Court will use the petition at Docket 21-1 as the operative petition. But further amendment would be futile because Mr. Epperly does not have an Article III injury-in-fact caused by the named Respondents and redressable by the Court. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where…amendment would be futile.").

[3] *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013); *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

[4] Docket 21-1 at 8, ¶ 14.

policies of the United States, and culminates in two causes of action.[5] First, Mr. Epperly seeks a declaratory judgment that all existing marijuana laws enacted by the State of Alaska are invalid because they are preempted by federal law. Alternatively in this regard, Mr. Epperly seeks a declaratory judgment that accords him "access to and the authority to use 'Marijuana' for medical and recreational purposes."[6] Second, Mr. Epperly seeks a declaratory judgment invalidating certain "Marijuana Policies" adopted by the United States Department of Justice, which he believes purport to authorize States to legalize marijuana.[7]

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a court case if the court lacks subject matter jurisdiction. Federal courts are courts of limited jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."[8] The United States Supreme Court has recently reemphasized that "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to

---

[5] Mr. Epperly asserts additional theories, including that "[i]f allowed to continue in effect, Alaska Marijuana Ballot Initiative legalization and commercialization scheme will be in conflict with the 'Racketeer Influenced and Corrupt Organizations Act' ("RICO")" (Docket 21-1 at 3), that U.S. Attorney General Eric Holder circumvented Congressional power to regulate interstate commerce by not enforcing federal marijuana laws (Docket 21-1 at 13), and that Alaska marijuana laws conflict with United States treaty obligations (Docket 21-1 at 45). The Court's standing analysis applies to all these assertions.

[6] Docket 21-1 at 47, Prayer for Relief ¶ 1.

[7] Docket 21-1 at 47, Prayer for Relief ¶ 2.

[8] *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221 (9th Cir. 1989) (citation omitted).

actual cases or controversies."[9]  A key element of the case-or-controversy requirement is that a party who initiates a court case has standing to sue.[10]

To establish Article III standing, Mr. Epperly must show that (1) he has suffered an "injury in fact" that is concrete, particularized, actual, and imminent as opposed to conjectural or hypothetical; (2) the injury must be fairly traceable to the challenged actions of the named respondents—here the State of Alaska and the United States; and (3) it must be likely, as opposed to speculative, that the requested relief would redress the injury.[11]  A party that initiates a lawsuit—in this case Mr. Epperly—has the burden of establishing this "irreducible constitutional minimum" for standing: injury, causation, and redressability.[12]  When that burden has not and cannot be met, a federal court lacks subject matter jurisdiction over the suit and the action must be dismissed.[13]

## II.  Injury

For purposes of Article III standing, an injury-in-fact must invade a legally protected interest.[14]  Mr. Epperly asserts two injuries: an inability to obtain a medical marijuana card under Alaska law, and his state of "Perplexity and Confusion" caused by his perception of a "direct conflict" between Alaska's marijuana laws and federal marijuana laws.[15]  The

---

[9] *Clapper v. Amnesty Intern. USA*, 133 S. Ct. 1138, 1146 (2013) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006).

[10] *Raines v. Byrd*, 521 U.S. 811, 818–819 (1997).

[11] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

[12] *Id.  See also Northwest Environmental Defense Center v. Bonneville Power Administration*, 117 F.3d 1520, 1528 (9th Cir. 1997).

[13] *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1172 (9th Cir. 2013); *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

[14] *Lujan*, 504 U.S. at 560.

[15] Docket 21-1 at 9–10.  Mr. Epperly also asserts an injury of pain from damaged nerves in the spine.  But that medical injury was not caused by the Respondents, and the Court cannot redress

State of Alaska asserts that Mr. Epperly fails to show how either of these asserted injuries amounts to the invasion of a legally protected interest.  The State asserts that to whatever extent Mr. Epperly has a legally protected interest in ingesting marijuana, its statutes authorizing both medical and recreational marijuana use create no obstacle.  The Court agrees.  With regard to federal law, Mr. Epperly devotes the bulk of his petition to acknowledging that there is no legally protected interest in marijuana consumption—a position at apparent odds with his other arguments.[16]  There is also no legally protected interest in being free from perplexity and confusion.  Accordingly, Mr. Epperly's asserted injuries are not concrete, particularized, actual, and imminent; and they do not support Article III standing.

Mr. Epperly alternatively seeks a declaration "stating the 'Rights' of the Petitioner as having access to and the authority to use 'Marijuana' for medical and recreational purposes."  It appears Mr. Epperly is seeking a court order that he has an unrestricted right to use marijuana for both medical and recreational purposes, presumably for pre-enforcement immunization from his perceived threat of federal prosecution if he uses marijuana under Alaska law.  But to satisfy Article III's standing requirement, there must be a credible threat of imminent prosecution under the challenged law.[17]  Mr. Epperly lives in a state that allows medical and recreational marijuana use, and a country that declines to prosecute certain related federal crimes.  Mr. Epperly raises no legally

---

it in this action.  Mr. Epperly also asserts a "fear of fines and/or incarceration," but exposure to a risk of potential state or federal criminal action is not a concrete, particularized, actual, or imminent injury. *See* Docket 25 at 13.  *Luhan*, 504 U.S. at 560.

[16] Docket 21-1 at 11–34.

[17] *See* 28 U.S.C. § 2201; *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341–43 (2014) (detailing the types of scenarios that justify pre-enforcement relief).

cognizable injury, no credible threat of imminent prosecution, and no substantial risk of harm from either Alaska's marijuana laws or the Department of Justice policy. Hence, he does not meet the injury-in-fact requirement for Article III standing.

## III. Causation

There must also be a causal connection between the alleged injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the respondent, and not the result of the independent action of some third party not before the court.[18] Mr. Epperly seems to assert that his alleged inability to obtain a state medical marijuana card is caused by Alaska physicians' fear of prosecution under federal marijuana laws. The State responds that Alaska's relatively recent recreational marijuana laws in no way abridge the rights of medical marijuana patients, and "it is not Alaska's conduct or statute that has injured Epperly."[19] The Court agrees. Even assuming that Mr. Epperly has a cognizable legal injury as a result of the refusal of physicians to prescribe marijuana to him, he has not explained how any such injury has been caused by the State's enactment of medical marijuana laws or the more recent Alaska Marijuana Ballot Initiative. Accordingly, even if Mr. Epperly's inability to obtain a medical marijuana card is an Article III injury, he does not explain why the State of Alaska's marijuana laws are the cause of such injury as required for Article III standing. Nor would any such injury be caused by a discretionary federal policy not to prosecute certain violations of federal drug laws. For if that discretionary federal policy has any impact on Mr. Epperly's access

---

[18] *Lujan*, 504 U.S. at 560 (citations, alterations, and internal quotation marks omitted).

[19] Docket 22 at 10.

to marijuana, it would seemingly be only to enhance his ability to use and possess marijuana in Alaska without criminal prosecution.

## IV.    Redressability

Even if Mr. Epperly had a legally cognizable injury, and even if that injury was caused by the named respondents, he would still have standing only if it is likely that a court ruling in his favor would redress his asserted injuries.  With regard to Mr. Epperly's requests to invalidate the marijuana laws of the State of Alaska, the State argues persuasively that the invalidation of Alaska's medical and recreational use marijuana laws would make it more difficult—not less difficult—for Mr. Epperly to use marijuana.[20]  So this form of relief would actually make his alleged injury worse.

With regard to Mr. Epperly's request to invalidate the U.S. Department of Justice's policy of prosecutorial discretion, the invalidation of that policy would also fail to redress his inability to use marijuana in Alaska because it would make prosecution for such use more likely.  But more importantly, an Executive branch decision to exercise prosecutorial discretion related to certain federal drug laws is presumptively unreviewable.[21]  Mr. Epperly has not raised any assertions to rebut that presumption so his requested relief regarding the Department of Justice policy is independently subject to dismissal on this ground.  Stated differently, granting Mr. Epperly's conflicting requests for invalidation of either the state marijuana laws or the federal drug policies would not redress his alleged injury.

---

[20] Docket 22 at 12.

[21] *See, e.g.*, *Wayte v. United States*, 470 U.S. 598, 607–10 (1985); *Sierra Club v. Whitman*, 268 F.3d 898, 905 (9th Cir. 2001); *West v. Holder*, 60 F.Supp.3d 197, 203 (D.D.C. 2015).

**CONCLUSION**

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies."[22]  Here, in the absence of Article III standing, the Court does not have subject matter jurisdiction over this case.  Accordingly, Mr. Epperly's petition will be dismissed.  The dismissal will be with prejudice, because any amendment would be futile.[23]

Therefore, IT IS ORDERED that:

1.  The motions at Docket 21, 35, 36, and 37 are GRANTED.  The petition filed at 21-1 has been considered to be the operative petition in this action.

2.  The State of Alaska's Motion to Dismiss at Docket 22 is GRANTED.

3.  The United States of America's Motion to Dismiss at Docket 31 is GRANTED.

3.  Petitioner Gordon Warren Epperly's Motion for Summary Judgment at Docket 25 is DENIED.  The Court does not reach the motion because it lacks standing over this controversy.

4.  This action is DISMISSED with prejudice, and the Clerk of Court is directed to enter a judgment accordingly.

DATED this 5th day of November, 2015.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[22] U.S. Const., Art. III, § 2.  *See also Susan B. Anthony List v. Driehaus*, 134 S. Ct. at 2341.

[23] *See Cervantes*, *supra* note 1.